[Crim. No. 1176. Fourth Dist. Apr. 21, 1958.]

THE PEOPLE, Respondent, v. RAYMOND S. BALTAZAR, Appellant.

Thorne & Bailin and Harold A. Bailin for Appellant.

Edmund G. Brown, Attorney General, and Carl Boronkay, Deputy Attorney General, for Respondent.

MUSSELL, J.—Appellant was accused in an information of the crime of possession of a narcotic, a felony, in that on or about February 27, 1957, in the County of San Bernardino he did wilfully, unlawfully and feloniously possess the narcotic *cannabis sativa*, also known as marijuana, in violation of section 11500 of the Health and Safety Code. The information also charged appellant with having suffered a prior felony conviction of selling a narcotic, and also a prior felony conviction of tampering with marks on certain firearms (Pen. Code, § 12090). Appellant admitted the prior convictions and a jury returned a verdict finding him guilty of the crime of possession of a narcotic, as charged in the information. His motion for a new trial and application for probation were denied and he was sentenced to imprisonment in the state prison for the term prescribed by law.

On or about February 15, 1957, Officer James E. Willis, assigned to the vice and narcotic division of the San Bernardino sheriff's office, received information from a reliable informant to the effect that the appellant was using narcotics and that he was selling narcotics in a barbershop where he was employed in Cucamonga. On or about February 24, 1957, this same informant again advised Willis that the sale of narcotics was going on in the vicinity of the barbershop and, on February 27, 1957, another reliable informant advised Willis and Detective Alter of the San Bernardino Police Department that appellant was selling narcotics in the barbershop area in Cucamonga, that appellant had narcotics in his possession at that time, and that he had received a large quantity thereof from Mexico. Willis had used information

furnished by these two informants on previous occasions and made several arrests based on information furnished by them.

After receiving the said information from the second informant, on February 27, 1957, Willis, accompanied by Detective Shepherd of the San Bernardino sheriff's office and Detective Alter of the San Bernardino Police Department, drove to the barbershop in Cucamonga. They arrived there about 8 p. m. and, after observing a man and a small boy leaving the shop, they entered the premises through the front door. Willis walked over to the appellant and said, "Hello, Raton." Appellant made no reply to this greeting and Willis then said, "Raton, I understand that you have got narcotics on you. You are under arrest." Appellant then reached to his right hand shirt pocket in a rapid manner and then put his hand "down along the side of his trousers leg." Willis grabbed appellant's hand and said, "What have you got, Raton, what do you have in your hand?" Appellant opened his hand and Willis found therein a small newspaper-wrapped parcel which contained a hand-rolled cigarette, which was partially burned. Willis asked appellant what the object was and the latter replied that it was a "roach"—part of a burned marijuana cigarette. When asked where he got it, appellant stated he had found it on the floor. Willis then said, "Well, Raton, if you found it on the floor, you must know what it was when I walked in, otherwise you wouldn't have tried to get rid of it." The appellant then said, "Yes, I knew what it was, I knew it was my ass if I got caught, you know, I am on parole." Willis placed the "roach" in an envelope and later delivered it to a chemist who examined it microscopically and chemically and found that it consisted of the leaf and plant of *cannabis sativa*, more commonly known as marijuana.

Appellant testified at the trial that at the time of his arrest he was working in a barbershop in Cucamonga owned by Arthur Ayala; that when Officer Willis entered the shop he (appellant) was "thumbing a piece of paper I had in my hand"; and that he had picked it up from the floor about five minutes before the officers arrived.

Arthur Ayala, the owner of the barbershop testified that Willis and two other officers came into the shop about 9:30 p. m. and that he did not see appellant pick up anything from the floor.

Appellant first contends that the evidence was insufficient to support a finding and judgment of guilty.

He does not argue that the evidence fails to show that he had actual physical possession of marijuana but he argues that there is nothing in the evidence to support an inference that appellant had either examined or knew what the object he had in his hand contained. However, appellant stated to the officers that the object was a ''roach'' or part of a burned marijuana cigarette and that he knew what it was. The evidence also indicates that appellant tried to get rid of the roach before he was placed under arrest. While it is essential to the crime of possession of narcotics that defendant have physical or constructive possession coupled with knowledge of the presence and narcotic character of the substance possessed, it has been held that the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient to show such knowing possession. (*People v. Denne,* 141 Cal.App.2d 499, 510-511 [297 P.2d 451].) In *People v. Tennyson,* 127 Cal.App.2d 243, 246 [273 P.2d 593], the court said: ''Insofar as knowledge of the illegal nature of the contraband is concerned, that required element was sufficiently shown by the conduct and behavior of the appellant in attempting to secrete the narcotics. (Citations.)'' In *People v. Rumley,* 100 Cal.App.2d 6, 8 [222 P.2d 913], it is said: ''The issue as to whether an accused had knowledge of the presence of the narcotic in his clothing, sleeping apartment or automobile, is one for the determination of the trial court and its finding when supported by substantial evidence will not be reversed.'' The evidence herein is amply sufficient to establish knowing possession of narcotic as found by the jury.

Appellant next contends that the court committed prejudicial error in admitting evidence procured as a result of illegal search and seizure. This contention is without merit. ██ A police officer may, without a warrant, arrest a person for a public offense committed or attempted in his presence or when a felony has been committed and the officer has reasonable cause for believing the person arrested to have committed it. (Pen. Code, § 836, subds. 1 and 3.) ██ An arrest may be made by police officers acting solely on the advice of a reliable, confidential informant. (*People v. Dean,* 151 Cal.App.2d 165, 167 [311 P.2d 85]; *People v. Hood,* 150 Cal.App.2d 197, 200 [309 P.2d 856].) ██ In the instant case the evidence shows that both informants were known to Willis to be reliable. He had had previous experiences with them and the information which they had conveyed to him

was sufficient to justify the arrest of appellant. In *Trowbridge* v. *Superior Court*, 144 Cal.App.2d 13, 18 [300 P.2d 222], it was held that a search and seizure following an arrest were legal and proper where the informer who was known to the policeman told him about an hour before the arrest that the defendant (describing her accurately) lived at a certain address, that it was her habit to keep marijuana in her apartment, and that a day or two previously the informer had seen marijuana in the apartment. The record in the instant case also shows that the offense charged was committed in the presence of the officers.

█ It is further argued by appellant that the court erred in failing to reject irrelevant and prejudicial testimony. The criticized testimony related to the type of container or manner in which marijuana is kept or packaged. The trial court has wide discretion in determining the relevancy of evidence. (*People* v. *MacArthur*, 125 Cal.App.2d 212, 219 [270 P.2d 37].) We find no prejudicial error in this connection.

█ Finally, appellant contends that the court erred in denying his motion for a new trial. This motion was made on the grounds of newly discovered evidence and was based on an affidavit of Arthur Ayala in which he stated that while he had testified at the trial that he did not remember whether the appellant had swept the shop the evening of his arrest, he (Ayala) had been thinking it over and that he now knew that the appellant had swept the floor before the officers came in and that he saw appellant pick up something from the floor. In *People* v. *Peyton*, 47 Cal.App.2d 214, 224 [117 P.2d 683], it is said that:

"The rule is well established that courts will not grant new trials under subdivision 7 of section 1181 of the Penal Code except upon clear and satisfactory showings that alleged newly-discovered evidence is material, not cumulative, previously unknown to the defendant and that he is not guilty of lack of diligence in failing to produce it at the trial. It must also appear to the court that the evidence relied upon would have been likely to have caused the jury to reach a different conclusion regarding the guilt of the defendant. It is said in 8 California Jurisprudence, section 452, at page 427, in that regard:

" 'The claim of newly discovered evidence warranting a new trial is universally looked upon by the courts with distrust and disfavor. Public policy demands that a litigant should be compelled to exhaust every reasonable effort to produce at his

trial all existing evidence in his behalf. It has been said that the circumstance that the testimony has just been discovered when it is too late to introduce it is so suspicious that courts require the very strictest showing of diligence.' ''

In the instant case the newly discovered evidence would be contradictory to that given by the witness at the trial and it does not appear that the evidence relied upon would have been likely to have caused the jury to reach a different conclusion regarding the guilt of the defendant.

Judgment and order denying motion for new trial affirmed.

Barnard, P. J., and Griffin, J., concurred.