[Crim. No. 15489. Second Dist., Div. Four. Aug. 15, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. MICHAEL GORDON CRANDALL, Defendant and Appellant.

Richard S. Buckley, Public Defender, Lee B. Ragins, and James L. McCormick, Deputy Public Defenders, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Howard J. Schwab, Deputy Attorney General, for Plaintiff and Respondent.

FILES, P. J.—After a court trial defendant was found guilty of possession of marijuana (Health & Saf. Code, § 11530). The court sentenced him to state prison, "which sentence is ordered to run consecutively to any sentence now being served." This appeal is from the judgment.

By stipulation the case was submitted to the trial court upon the transcript of the preliminary examination, plus one additional stipulation. Defendant offered no evidence. The sole witness was a deputy sheriff who testified in substance as follows:

 At 8:45 p.m. on August 1, 1967, deputy sheriffs in a patrol car were following a vehicle because of a traffic violation. When the officers turned on their red light and sounded their horn the vehicle, which was then northbound, accelerated to the next corner, where it turned eastward. The officers sounded their siren. The vehicle again accelerated. Three-fourths of the way down the block a shiny object was thrown from the right-hand side of the vehicle and landed in the middle of the front yard of a residence. The vehicle continued to Orizaba Street where it turned to the south at such a speed that it skidded and almost struck the west curb. After traveling about three-quarters of a block from that corner it stopped. The driver emerged from the left side of the vehicle and said, " 'You have got me. Go ahead and do something about it now.' " Defendant came out of the right front door. Also in the vehicle was a third person, referred to in the record only as "the juvenile." Where he was sitting or from what door he emerged or when is not disclosed in the record.

The article thrown from the car was recovered and found to be a cellophane bag containing two ounces of marijuana.

It was stipulated that the officer would be deemed to have testified that when he stopped the car the front window on the right side of the car was open and the rear windows were closed.

The evidence is sufficient to show that someone in the vehicle possessed marijuana. (See *People* v. *Groom* (1964) 60 Cal. 2d 694 [36 Cal.Rptr. 327, 38 P.2d 359]; *People* v. *Wallace* (1961) 197 Cal.App.2d 600 [17 Cal.Rptr. 396].) The weakness of this case is in determining who.

The chase occurred at night. The pursuing officers did not claim to see what was happening inside the fleeing vehicle. Three people were in the vehicle when it stopped. It is inferable that defendant had been riding in the front seat to the right of the driver, but there is no evidence whether the "juvenile" was alongside him or in the rear. The vehicle is not described at all, except that the right-hand front window was open when the car stopped, and the rear windows were closed. The witness could only say that the object came from the right side of the car. He could not say which windows were open at the time of the throw.

Upon this evidence it is purely conjecture whether defendant or the juvenile threw the package from the right side of the car. Since the obvious purpose of the thrower was to thwart the officers, it would have been quite logical to have closed the window he used before the car came to a stop. Furthermore, the juvenile could easily have thrown it out of either window, even if seated in the rear.

There is no evidence at all to support an inference that the package was possessed jointly with persons other than the one who threw it out. Defendant's presence in the car is not enough to establish that he was an aider or abettor. (See *People* v. *Francis* (1969) 71 Cal.2d 66, 72 [75 Cal.Rptr. 199, 453 P.2d 591].)

The evidence here is no better than that which was held insufficient in *People* v. *Foster* (1953) 115 Cal.App.2d 866 [253 P.2d 50] and *People* v. *Hancock* (1957) 156 Cal.App.2d 305 [319 P.2d 731].

The case of *People* v. *Simmons* (1953) 118 Cal.App.2d 238 [257 P.2d 749], cited by the People, is factually different. There two officers on foot approached a vehicle which had stopped. As they approached they saw an envelope (containing marijuana) come out of the right rear window, which had been lowered from the top about half an inch. The appellant was sitting next to that window. Other windows on the right side were closed. Although there were three persons in the car the court held that these physical facts supported the inference that the appellant had thrown the envelope.

In the case at bench we have one fully open window and one more which may have been open, and an appreciable period of time during which any of the three persons could have moved about enough to throw the package before the witness was able to see where anyone was. Indeed, the witness was unable to see where any passenger was in the car at any time except for what is deduced from his place of exit. And there is no evidence as to where the third person was in relation to the window at any time.

The judgment is reversed.

Jefferson, J., and Dunn, J., concurred.

Respondent's petition for a hearing by the Supreme Court was denied October 9, 1969. McComb, J., Mosk, J., and Burke, J., were of the opinion that the petition should be granted.