[Crim. No. 3962. Fourth Dist., Div. One. May 26, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
MIKE EDWARD SOLO, Defendant and Appellant.

## COUNSEL

John R. Hart for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Kenneth C. Young, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**AULT, J.**—Appellant, Mike Edward Solo, and his codefendants, Stephen Lee Johnson, Jeffrey Harold Mercer and Jack Benjamin Weidner, Jr., were jointly charged in an information filed by the District Attorney of Imperial County with possession of marijuana for sale (Health & Saf. Code, § 11530.5), and with transporting marijuana (Health & Saf. Code, § 11531). They all entered pleas of not guilty to the charges; appellant Solo's motion to dismiss pursuant to Penal Code section 995 was denied. The defendants properly waived jury trial and the case was submitted to the trial judge for decision on the reporter's transcript of the preliminary hearing, certain stipulations of fact and brief additional testimony. All the defendants, including appellant, were found guilty of both charges. Solo's application for probation was denied; he was sentenced to prison for the term prescribed by law on each count, the sentences to run concurrently. His sentences were suspended and he was committed to the California Youth Authority. Solo appeals from the judgment of conviction.

### STATEMENT OF THE EVIDENCE

Shortly after noon on September 12, 1969, Officer Hartley of the California Highway Patrol noted a light green Volkswagen sedan with a blue left front fender parked at the Andrade Port of Entry near Winterhaven, California. The car was unoccupied, but Customs Inspector Priest was talking to two young men just outside of the car. Hartley overheard Priest comment that some persons known to the young men had been "busted" for narcotic violations. Priest asked the two men if they had anything to do with it. One of them stated, "We are too smart to do anything like that." Later

Officer Hartley and Inspector Priest held a brief discussion and Priest stated, ". . . he wouldn't be at all surprised if they weren't up to something from the way they were acting." Hartley took a good look at the car in case he might see it again.

Later that afternoon Hartley was eastbound on Interstate 8 near the sand dunes. He observed the Volkswagen he had seen earlier westbound on the freeway. He made a U-turn across the divided highway and began following the Volkswagen. Meanwhile, Esthus Edward Chowning was driving a truck and trailer westbound on Interstate 8. Looking back, Chowning saw the Volkswagen followed by the highway patrol vehicle approaching from the rear. He was driving this truck at about 55 miles per hour and the Volkswagen was traveling approximately 60 miles per hour. He thought the Volkswagen was going to run into his trailer. The Volkswagen passed the truck and pulled in front of it. When the car was approximately 100 feet in front of the truck, the right door was opened and a large bag was thrown to the side of the road. Chowning brought his truck to a stop and waived down Officer Hartley, who pulled his patrol vehicle alongside the cab of the truck. Chowning told Hartley a bag had been thrown to the shoulder of the road from the Volkswagen which had just passed him. Hartley immediately contacted Officer Ladd of the highway patrol by radio, described the Volkswagen, indicated a package had been thrown from it and asked Ladd to stop and detain the vehicle until he could determine what had been thrown from the car.

Hartley drove Chowning back down the highway about one-half mile where they found the bag lying beside the road. It was a white cloth laundry bag with a drawstring. Hartley opened the bag and observed several paper-wrapped packages in brick form which he believed to be marijuana. Although the packages were wrapped, he could see the marijuana through holes in the paper. Hartley immediately informed Ladd by radio he had found the bag and what appeared to be marijuana and learned Ladd had already stopped the Volkswagen. He and Chowning proceeded in the patrol car to where Ladd had the car detained, a distance of about two miles. Approximately seven minutes elapsed between the time Chowning flagged Hartley down and their arrival at the point where the Volkswagen had been stopped.

The four defendants were in the Volkswagen when it was stopped by Ladd; Solo was in the left rear seat. The defendants were initially arrested for possession of marijuana. They gave no statements to the police officers and did not testify at the preliminary hearing or at the trial. No marijuana debris was found in the Volkswagen or in any of the defendants' clothing. There were 18 kilo bricks of marijuana in the laundry bag.

Solo's only contention on appeal is the evidence is insufficient to support

his conviction of either possession of marijuana for sale or transporting marijuana, because there was no evidence he exercised dominion and control over the marijuana which was the basis of the charge, had knowledge of its presence in the car or knew of its narcotic content.

■ To support his conviction of either possession of marijuana for sale or transporting marijuana, it is essential there be proof Solo unlawfully possessed marijuana. (*People* v. *Francis,* 71 Cal. 2d 66, 73 [75 Cal.Rptr. 199, 450 P.2d 591]; *People* v. *Cole,* 113 Cal.App.2d 253, 257 [248 P.2d 141].) Unlawful possession is established by proof the accused (1) exercised dominion and control over the contraband, (2) had knowledge of its presence, and (3) had knowledge the material was a narcotic. (*People* v. *Groom,* 60 Cal.2d 694, 696 [36 Cal.Rptr. 327, 388 P.2d 359]; *People* v. *Francis, supra,* 71 Cal.2d 66, 73.) ■ These elements may be established by circumstantial evidence and by the reasonable inferences to be drawn from such evidence. (*People* v. *Groom, supra,* 60 Cal.2d 694, 696; *People* v. *Toulson,* 272 Cal.App.2d 181, 185 [77 Cal.Rptr. 271].) ■ Possession need not be exclusive, and it may be imputed when the contraband is found where it is immediately and exclusively accessible to the accused and subject to his dominion and control or where it is subject to the joint dominion and control of the accused and others. (*People* v. *Francis, supra,* 71 Cal.2d 66, 71; *People* v. *Jackson,* 191 Cal.App.2d 296, 302 [12 Cal.Rptr. 748].) ■ Possession may also be established by proof the accused aided or abetted another in committing the crime of possession of narcotics. (*People* v. *Francis, supra,* 71 Cal.2d 66, 71; *People* v. *Henderson,* 121 Cal.App. 2d 816, 817-818 [264 P.2d 225].) ■ Knowledge of the presence of contraband and of its narcotic content may be inferred from the accused's conduct or statements at or near the time of his arrest. (*People* v. *Toulson, supra,* 272 Cal.App.2d 181, 185; *People* v. *Baltazar,* 159 Cal.App.2d 595, 598 [323 P.2d 1062].) ■ Where the accused challenges the sufficiency of the evidence to establish possession, an appellate court must affirm if the record contains substantial evidence of all the elements of the crime. (*People* v. *Groom, supra,* 60 Cal.2d 694, 697.)

■ Solo does not contend the evidence was insufficient to show the 18 kilos of marijuana were in the car in which he was riding, accessible to him, and subject to his dominion and control. He argues, save and except the fact he was present in the automobile, there was no evidence he exercised

dominion and control over the marijuana, had knowledge it was in the car or knew of its narcotic character. He relies on the oft-stated rule, mere presence at the scene of a crime is not sufficient to justify a finding of guilt.

Solo rests his position primarily on three cases: *People* v. *Foster*, 115 Cal.App.2d 866 [253 P.2d 50]; *People* v. *Hancock*, 156 Cal.App.2d 305 [319 P.2d 731]; and *People* v. *Crandall*, 275 Cal.App.2d 609 [80 Cal. Rptr. 81], which hold the mere presence of the accused, with others, in a vehicle or room from which contraband is thrown, is not sufficient evidence standing alone to justify conviction. We believe these cases are distinguishable.

In each of the cases relied upon by appellant, the contraband was a small item which could be easily possessed and concealed without the knowledge of the others present. In *People* v. *Crandall, supra,* 275 Cal.App.2d 609, it was a small cellophane bag containing 2 ounces of marijuana which was thrown from a car window; in *People* v. *Hancock, supra,* 156 Cal.App.2d 305, it was a package of heroin bindles, thrown from a hotel room window; in *People* v. *Foster, supra,* 115 Cal.App.2d 866, it was a small paper-wrapped package containing an eyedropper, hypodermic needle and 1½ grains of heroin dropped from a car window. In these cases, the small size of the contraband not only made it possible for one person to possess it unknown to the others present, but also made it feasible for that person to dispose of the item without the knowledge or cooperation of others. Under the circumstances, in the absence of other evidence, it was not reasonable to infer the contraband was jointly possessed by two or more persons.

The facts in the instant case permit that very inference to be drawn. We are not here concerned with a small item of contraband, inconspicuous and easily concealed. We are dealing with 18 kilos of marijuana—a laundry bag stuffed full. The size and weight of the contraband in this case is at least one hundred times that involved in any of the cases upon which appellant relies. It was so bulky it could not be jettisoned through the car window; it was necessary to open the door in order to throw it out. No matter where it was located, the laundry bag full of marijuana bricks must have occupied a conspicuous place in the interior of the Volkswagen sedan. When that quantity of marijuana, sacked or unsacked, is shown to have been present inside the restricted and confined area of a small Volkswagen sedan, we think it wholly reasonable to infer its presence was known to the occupants of the vehicle and that it was under the dominion and control of all of them. (See *People* v. *Hood,* 150 Cal.App.2d 197, 201 [309 P.2d 856].)

■ The trial court's implied finding the marijuana was jointly possessed by the occupants of the Volkswagen finds additional support in the reasonable inferences which flow from the evasive action taken by the Volkswagen in the effort to dispose of the contraband. Only the very naive could believe that maneuver occurred spontaneously without conversation, and without the cooperation and knowledge of the occupants of the car. The passing of the large truck and trailer to place it between the Volkswagen and the following patrol car, the opening of the car door as soon as this was accomplished and while the car was traveling at a high rate of speed, and the dumping of the large bag of marijuana onto the side of the road give rise to the inference the occupants of the Volkswagen knew the marijuana was present and knew it was illegal contraband.

In his brief, appellant Solo suggests he could well have been an innocent hitchhiker. Since there was no evidence to that effect, we decline to engage in that supposition. Somewhere along the line, short of demonstration, the People's case reaches a point where a defendant is obliged to refute it. We think that point was reached in the instant case. ■ Solo had the right not to talk and not to testify, and his guilt may not be inferred from the fact he exercised it. The trial court, however, was not required by that circumstance to ignore the reasonable inferences which flowed from the evidence which was produced and which remained completely unchallenged by any contrary evidence. We think the evidence, together with the reasonable inferences to be drawn therefrom, points unerringly to Solo's involvement with 18 kilos of marijuana, supports the trial court's implied finding he jointly possessed it and his conviction of transporting and possessing it for sale.

■ Although Solo has not raised the issue, the sentences imposed upon him violate Penal Code section 654 which proscribes double punishment. His conviction of both transporting and possessing marijuana for sale was proper. (*People* v. *Sanders,* 250 Cal.App.2d 123, 134 [58 Cal.Rptr. 259].) There was no evidence, however, the possession preceded the transportation or extended beyond it. Solo's conduct violated two penal statutes, but his possession and transportation of marijuana was an indivisible course of conduct with a single objective. Penal Code section 654 prohibits multiple sentences under that circumstance, even though the sentences are ordered to run concurrently. (*People* v. *Sanders, supra,* 250 Cal.App.2d 123, 135; *In re Wright,* 65 Cal.2d 650, 652-654 [56 Cal.Rptr. 110, 422 P.2d 998]; *People* v. *Diaz,* 66 Cal.2d 801, 807 [58 Cal.Rptr. 729, 427 P.2d 505].) ■ The appropriate appellate procedure where improper multiple punishment has occurred is to eliminate the sentence imposed for the lesser offense and to allow the sentence for the greater offense to stand. (*In re Wright, supra,* 65 Cal.2d 650, 652-654; *People* v. *Diaz, supra,* 66 Cal.2d

801, 807.) Transporting marijuana is the more serious of the two offenses and carries the greater punishment.

The judgment is modified insofar as it imposes sentence for count I (possession of marijuana for sale) and the sentence for that count is set aside. In all other respects the judgment is affirmed.

Brown (Gerald), P. J., and Coughlin, J., concurred.