Filed 7/3/14  P. v. Dearman CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058218 |
| v. | (Super.Ct.No. SWF1201742) |
| CHRISTOPHER LEE DEARMAN, | **OPINION** |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Mark Mandio, Judge.

Affirmed.

Law Offices of Sarah A. Stockwell and Sarah A. Stockwell, under appointment by

the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney

General, Julie L. Garland, Senior Assistant Attorney General, Eric A. Swenson, and Joy

Utomi, Deputy Attorneys General, for Plaintiff and Respondent.

# I

## INTRODUCTION

On October 9, 2012, an information charged defendant and appellant with felony possession of methamphetamine under Health and Safety Code section 11377, subdivision (a); and misdemeanor possession of drug paraphernalia under Health and Safety Code section 11364.1. The information also alleged that defendant had five prior convictions that resulted in prison terms under Penal Code section 667.5, subdivision (b), and one strike prior under Penal Code sections 667, subdivision (c) and (e)(1), and 1170.12, subdivision (c)(1).

On December 20, 2012, a jury found defendant guilty on both counts. Prior to sentencing, the trial court dismissed two of the alleged priors; defendant admitted three priors and a strike. The trial court sentenced defendant to seven years in prison.

On appeal, defendant contends that (1) his conviction for possession of methamphetamine is not supported by substantial evidence; and (2) he did not knowingly and intelligently admit his prior convictions and strike. For the reasons set forth below, we shall affirm the judgment.

## II

## STATEMENT OF FACTS

A. *Prosecution Evidence*

On June 26, 2012, agents from the California Department of Corrections Parolee Apprehension Team responded to a home in Wildomar to apprehend defendant; he was a parolee at large at the time.

Around 6:45 a.m., when agents conducted a knock and announce on the trailer home, defendant tried to flee out the back window of the southwest bedroom. The agents entered the home and called him outside. Defendant came out of the southwest bedroom. Defendant was shirtless and was wearing only jeans. Agents took defendant into custody and searched the southwest bedroom. The room had men's clothing everywhere. There were several pieces of mail, including a letter addressed to defendant, "Chris Dearman" on the bed. An agent searched the top drawer of the bedroom dresser and found an orange pouch. Inside the pouch were four glass pipes and a bag filled with a white substance which was later determined to be .98 grams of methamphetamine. As the agents and police were discussing what they had recovered, defendant told them "If you find the meth in the house, it belongs to me."

Defendant's grandfather, who lived in the home, and defendant's friend Ravenna Smith were in the house at the time. Defendant's mother, Bobbie Macrory, and her fiancée, who also lived in the home, were not present at the time.

B. *Defense Evidence*

Smith and defendant's mother, Macrory, testified on behalf of the defense. They testified that defendant did not live at the trailer home, but was a transient who lived in his car. Smith testified that on the morning of the arrest, she and defendant drove to his grandfather's home to cook him breakfast and take care of him while Macrory was out of town. Smith stated that they had just entered the house when the agents and police arrived. Smith also testified that, aside from defendant's grandfather, Macrory and her fiancée, a man named Bill also lived in the trailer home; Bill slept in the garage. Macrory testified that defendant had a daughter named Christian who went by "Christy" and "Chris," who had lived in the home and used to receive mail there.

# III

# ANALYSIS

A. *Substantial Evidence Supports Defendant's Conviction*

Defendant contends that the evidence at trial was insufficient to support his conviction for possession of methamphetamine. Specifically, defendant argues that he had no knowledge of the drug's presence in the trailer home. Defendant's argument is without merit.

When the sufficiency of evidence is challenged on appeal, we must review "the entire record in the light most favorable to the prosecution to determine whether it contains evidence that is reasonable, credible, and of solid value, from which a rational trier of fact could find the defendant guilty beyond a reasonable doubt." (*People v. Davis* (2009) 46 Cal.4th 539, 606.)

4

Health and Safety Code section 11377, subdivision (a), penalizes any person in possession of a prohibited controlled substance. The crime of possession has four elements: "(1) defendant exercised control over or the right to control an amount of methamphetamine; (2) defendant knew of its presence; (3) defendant *knew of its nature as a controlled substance*; and (4) the substance was in an amount usable for consumption." (*People v. Tripp* (2007) 151 Cal.App.4th 951, 956; Health & Saf. Code, § 11377, subd. (a).) "The essential elements of possession of a controlled substance are 'dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character.'" (*People v. Palaschak* (1995) 9 Cal.4th 1236, 1242, quoting *People v. Camp* (1980) 104 Cal.App.3d 244, 247-248.)

To establish possession, it is sufficient to demonstrate the defendant had actual or constructive possession of the contraband. (*People v. Austin* (1994) 23 Cal.App.4th 1596, 1608, disapproved on another ground in *People v. Palmer* (2001) 24 Cal.4th 856, 861.)

"Actual or constructive possession is the right to exercise dominion and control over the contraband or the right to exercise dominion and control over the place where it is found. [Citation.] Exclusive possession is not necessary. A defendant does not avoid conviction if his right to exercise dominion and control over the place where the contraband was located is shared with others. [Citations.]" (*People v. Busch* (2010) 187 Cal.App.4th 150, 161.)

The two knowledge requirements – knowledge of the presence of the narcotic and the nature of narcotic – must also be separately proven.  Both these elements "may be inferred from the accused's conduct or statements at or near the time of his arrest." (*People v. Solo* (1970) 8 Cal.App.3d 201, 206.)  The evidence may be proved circumstantially and all reasonable inferences may be drawn from such evidence. (*Paslaschak*, *supra*, 9 Cal.4th at p. 1242.)  "As might be expected, no sharp line can be drawn to distinguish the congeries of facts which will and [those] which will not constitute sufficient evidence of a defendant's knowledge of the presence of a narcotic in a place to which he had access, but not exclusive access, and over which he had some control, but  not exclusive control." (*People v. Redrick* (1961) 55 Cal.2d 282, 287.)  In that regard, the California Supreme Court has recognized certain evidentiary facts that, when "added to nonexclusive dominion, will support a finding of knowing possession." (*Ibid.*)

Where narcotics are found in an area in which a person has "nonexclusive dominion" or shared access, factors such as the drug being among the defendant's personal effects, the defendant's consciousness of guilt, and the defendant's incriminating statements can establish knowing unlawful possession.  (*Redrick*, *supra*, 55 Cal.2d at p. 288, citing *People v. Magdaleno* (1958) 158 Cal.App.2d 48.)

In this case, defendant only challenges the evidence that he had knowledge of the drug's presence.  Defendant contends that there was no evidence that "he knew either the drugs or the paraphernalia were present in the house."  The record, however, is contrary to his contention.  Here, agents found methamphetamine in the southwest bedroom of the

6

trailer home. When the agents first arrived, defendant tried to flee by running out of the home through the back window of the southwest bedroom. Agents entered the home, called him outside, and saw a shirtless defendant walk out of the southwest bedroom. Defendant was the only person in the room at the time. Defendant had immediate access to the area where drugs were found. And, when one of the agents, after searching the residence, went outside into the front yard of the home where defendant was being held, defendant stated, "'If you find the meth in the house, it belongs to me."

Based on the evidence discussed above and defendant's own admission that the methamphetamine in the house was his, there is no question that the conviction is supported by substantial evidence.

In his reply brief, however, defendant attempts to re-try the case by presenting the facts in a different light. Under the substantial evidence standard of review, we do not reweigh the evidence or revisit credibility issues, but rather make presumptions in support of the judgment the existence of every fact that could reasonably be deduced from the evidence. (*People v. Alvarez* (2009) 178 Cal.App.4th 999, 1004; *People v. Ochoa* (1993) 6 Cal.4th 1199, 1206.) Moreover, defendant attempts to argue that his statement, "[i]f you find the meth in the house, it belongs to me[,]" really did not amount to an admission. We disagree. There is nothing ambiguous in this statement. Defendant admitted that any methamphetamine found in the house belonged to him. There was no ambiguity or contingency in defendant's admission.

7

B. *Defendant Knowingly and Intelligently Admitted his Prior Convictions and Strike*

Defendant argues that his prior convictions and strike allegations must be vacated because he was not properly advised of his constitutional rights to a court trial, to confront witnesses, and his right against self-incrimination, before he admitted the priors. He also argues that he made no express waivers on the record and that "the totality of the circumstances does not allow an inference of a knowing and intelligent waiver of rights." We disagree.

Prior to trial, defendant moved to bifurcate his trial on his alleged prior convictions. The trial court granted the motion. The trial court stated:

"We have bifurcated your case. We will have jury trial on the facts; did this really occur; did you possess methamphetamine, which is the charge. Then we will have a separate trial on the issue of whether or not you actually suffered these prior convictions. Okay. You have a right to a jury trial [on] both of those."

After the court's advisement, defendant waived his right to a jury trial on the priors. As the jury was deliberating, the trial court addressed the issue of whether defendant would admit the priors or proceed to a court trial. The court explained to defendant the process of a court trial on the priors:

". . . in a trial by court, I can look through those documents and see if the People have proven beyond a reasonable doubt that you committed the offenses as alleged or were convicted of the offenses as alleged."

After the verdicts, the court set a trial date on the priors.

8

On February 15, 2013, the People moved to dismiss prior numbers one and two; the court granted the motion. The court expressly asked defendant about the three remaining priors and the strike. Defendant expressly admitted each one. The trial court did not ask defendant if he wished to waive his right to confront witnesses and his right against self-incrimination.

Federal and state law requires a defendant to be advised of his or her constitutional right to a jury trial, right to confront witnesses, and privilege against self-incrimination, before admitting a prior conviction. (*Boykin v. Alabama* (1969) 395 U.S. 238; *In re Yurko* (1974) 10 Cal.3d 857, 863.) Where a defendant expressly waives these rights or where a totality of the circumstances show the admission is knowing and voluntary, then the admission stands. (*In re Yurko*, *supra*, 10 Cal.3d at pp. 863-865; *People v. Mosby* (2004) 33 Cal.4th 353, 360.) Thus, if the record does not show the proper advisements were given, the reviewing court must examine the entire proceeding to determine whether defendant's admission was intelligent and knowing under the circumstances. (*Mosby*, *supra*, 33 Cal.4th at p. 361.)

In cases where a defendant was given an "incomplete advisement," such that the defendant was advised of some, but not all, of the requisite rights, the reviewing court may look to whether the defendant has just undergone a trial on the underlying offense in determining if the admission was knowing. (*Mosby*, *supra*, 33 Cal.4th at p. 364.) In *Mosby*, the trial court informed the defendant that he had a right to a jury trial on a prior conviction allegation, but failed to inform him of his rights to remain silent and to confront witnesses. The appellate court found no prejudicial error, and the Supreme

9

Court agreed. (*Ibid.*) The Supreme Court stated that a defendant who has just finished a contested jury trial "not only would have known of, but had just exercised, his right to remain silent at trial," and "because he had, through counsel, confronted witnesses at that immediately concluded trial, he would have understood that at a trial he had the right of confrontation." (*Ibid*.) Therefore, the Supreme Court held that the appellate court "did not err in concluding that defendant voluntarily and intelligently admitted his prior conviction despite being advised of and having waived only his right to jury trial." (*Id*. at p. 365 [footnote omitted].)

This case is similar. Here, defendant was twice advised of his right to a trial on the priors. Moreover, the second time he was advised of his trial right, he had just undergone a jury trial where several witnesses were called and his counsel cross-examined those witnesses. Defendant, therefore, knew and understood that a right to a jury trial on the priors included a right to confront witnesses. (*Mosby*, *supra*, 33 Cal.4th at p. 364.) Moreover, defendant clearly understood that he was also waiving his privilege against self-incrimination as he never testified on behalf of himself during his jury trial on the substantive charges. (*Ibid.*) Therefore, just as in *Mosby*, even though the trial court only advised defendant of his right to a trial, since defendant had just undergone a jury trial, he was aware of his other constitutional rights and knowingly waived those rights when he waived his right to a jury.

Defendant's reliance on *People v. Christian* (2005) 125 Cal.App.4th 688, is misplaced. In that case, the defendant was advised of his right to a jury trial on his substantive charge and the alleged priors. Defendant subsequently pled no contest to the substantive charge and admitted the priors. (*Id.* at pp. 692-693.) On appeal, the appellate court held that under the totality of the circumstances, it could not be inferred that the defendant knowingly waived his right to confront witnesses and against self-incrimination. The court noted that "in contrast to *Mosby* . . . [the defendant] had *not* just participated in a trial at which he would have exercised his right to confront witnesses, nor had he just taken advantage of nor waived this right against self incrimination." (*Id.* at p. 697, italics in original.) The court, therefore, held that it could not infer the defendant's knowledge of his rights. (*Id.* at p. 698.)

Unlike *Christian*, *supra*, 125 Cal.App.4th 688, in this case, defendant had just undergone a jury trial when he was reminded for a second time that he had a right to a jury. Therefore, in this case, the totality of the circumstances established that defendant knew his constitutional rights, knowingly and intelligently waived those rights, and knowingly and intelligently admitted his priors. (See *Mosby*, *supra*, 33 Cal.4th at p. 364.)

# IV

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RICHLI

J.

We concur:

RAMIREZ

P. J.

CODRINGTON

J.

12