[Crim. No. 782.  Fourth Dist.  June 26, 1953.]

THE PEOPLE, Appellant, v. JOSEPH DARRELL HYDEN, Respondent.

Edmund G. Brown, Attorney General, William E. James, Deputy Attorney General, James Don Keller, District Attorney (San Diego), and George McClenahan, Deputy District Attorney, for Appellant.

No appearance for Respondent.

BARNARD, P. J.—The People have appealed from an order dismissing this action. The defendant was charged by information with the possession of a narcotic, morphine, in violation of section 11500 of the Health and Safety Code. While a substitution of attorneys for the defendant was filed in this court, no brief on his behalf was filed.

At the preliminary examination there was evidence that about 1 o'clock on the morning of September 6, 1952, a waitress in a restaurant found a brown paper package on the seat of a booth where the defendant had been sitting. The defendant, and three other youths who were with him, had just left the booth when the waitress found the package. She opened the package which contained an eyedropper, a blackened spoon and two syringes. She called the police, who came in a few minutes and talked to the boys who were still around their car, which had not left the premises. The officers turned over this package with its contents to a chemist, who testified that from the articles in the package he recovered two milligrams of morphine. A bottle containing this morphine, except that portion used up in making tests, was introduced in evidence. There was sufficient evidence that these articles, which contained the morphine, had been in the possession of this defendant and he was held to answer.

An information was filed in the superior court, after which the defendant moved, under section 995 of the Penal Code, to have the information set aside on the ground that he had been committed without reasonable or probable cause. At the hearing the defendant's counsel contended that the evidence was insufficient to show possession at the time defendant was apprehended, and argued "that he no longer possessed, that he abandoned it." This motion was denied and the case was set for trial.

The case came on for trial before another judge. At the outset, the court asked the district attorney to state what he expected to prove. The district attorney stated that he expected to prove all the material allegations of the complaint, including the fact that the defendant did willfully, unlawfully and feloniously, on September 6, 1952, possess a certain narcotic, to wit, morphine. The court then asked "What quantity of morphine do you expect to prove that the defendant possessed at the time here involved?" The district attorney said that he expected to prove a sufficient quantity as defined in the Health and Safety Code. The court asked him to be more specific as to the amount he expected to prove, and asked if the chemist had testified at the preliminary hearing as to the quantity of morphine found. When told that the chemist had testified that he had recovered two milligrams of morphine from these articles, the court asked whether the district attorney expected the chemist's testimony to be any different at the trial or whether he expected to offer "any additional proof as to the quantity involved in addition to what was produced at the preliminary hearing?" Receiving a negative reply the court asked to hear from the attorney for the defendant, who moved that the case be dismissed on the ground that the evidence would be insufficient, assuming that the People proved what the district attorney said they would. He then argued that the amount of morphine involved was so infinitesimally small that it would not support a conviction. After some discussion, the court asked the attorney for the defendant whether he also based his motion upon the ground that the defendant had not been legally committed by the magistrate, and upon the ground that the defendant had been committed without reasonable or probable cause. Receiving an affirmative reply to both questions the court granted the motion, quoting from *People* v. *Cole*, 113 Cal.App.2d 253 [248 P.2d 141], and saying that what was there said applies with equal force to this case, and that the amount of two

milligrams "is certainly insignificant." A written order of dismissal was filed, and this appeal followed.

██ The evidence at the preliminary hearing was sufficient to show probable cause, and a motion to set aside the information on that ground had been denied. The statutory remedy in that situation is found in section 999a, Penal Code, providing that a petition for writ of prohibition may then be filed, which must be done within 15 days after denial of the motion. Whether or not such a motion may be renewed after the expiration of this 15-day period, and after a plea has been entered, need not be here decided.

When the motion leading to the order appealed from was made, the sufficiency of the evidence with respect to the matter of possession was not considered. The motion was actually based and granted on the sole ground that the amount of morphine found was so insignificant, under the ruling in the Cole case, that it would not support a judgment against the defendant. Not only was the decision in the Cole case based upon several considerations other than the insignificant fragments found in the defendant's car, but there is considerable difference between morphine and marijuana with respect to quantities and effects. ██ There was no evidence as to the relative effect of two milligrams of morphine, or as to what amount of morphine would be sufficient to be considered of any significance, and it would seem that that matter is not one concerning which judicial notice could properly be taken.

██ Whether or not that quantity was sufficient not only required evidence, but was a matter of defense. Moreover, other elements here appeared which would materially affect the significance to be attributed to even a small amount of morphine. ██ The evidence at the preliminary examination was sufficient to show that the defendant had been in possession of such morphine as was here found, and it also showed that this morphine was recovered from the articles found in the package, justifying the inference that it was knowingly possessed and that these articles had been used in the manner in which morphine is usually administered to human beings. There was also evidence that one of the officers examined the defendant on September 8, 1952, and found that he had needle marks on his inner arm. The officer then asked the defendant how long he had been using narcotics, and he replied that he had not been using them long. When asked "When he had his last shot" the defendant stated he had had the last one on September 4, 1952. ██

When the amount of morphine is considered in connection with the articles in which it was found, and with the admission of the defendant that he was using narcotics, it cannot be said that the statements in the Cole case, with respect to the small quantity of narcotics there found, are in any way controlling under such circumstances as here appear. It was error to hold, as a matter of law, that the amount of morphine found, standing alone, was conclusive. The evidence on both sides should have been received, after which it could have been determined whether or not it was sufficient to sustain a conviction.

The judgment is reversed, and the cause remanded.

Griffin, J., and Mussell, J., concurred.