[Crim. No. 1819. Fourth Dist. Dec. 7, 1962.]

THE PEOPLE, Plaintiff and Respondent, v. TOMMIE LEE THOMAS, Defendant and Appellant.

John A. Morrow, Jr., Public Defender, for Defendant and Appellant.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, and Robert H. O'Brien, Deputy Attorney General, for Plaintiff and Respondent.

SHEPARD, J.—This is an appeal from a judgment of conviction of unlawful possession of the narcotic heroin (violation of Health & Saf. Code, § 11500).

## FACTS

On June 29, 1961, at 9 or 9:30 a. m. Officers Ramirez and Weaver sought defendant for the purpose of serving a misdemeanor warrant. After a search of several hours, including a visit to defendant's home at 308 Villa Street in El Centro, they traced him to Calexico, then back to El Centro and there observed his truck parked near a café. Circling the area, coming back and finding the truck gone, about midafternoon they went again to defendant's home and found his truck parked there. After knocking on the door and repeatedly calling to defendant without answer, and seeing through the screen door what appeared to Ramirez (from knowledge gained through five or six years schooling and experience in narcotics law enforcement) to be evidence of preparations for narcotics use by some one, the officers entered the house searching for defendant. After entry they heard the sound of movement in the back part of the house, called again, and saw defendant

in the hallway. Defendant was placed under arrest on the warrant and then questioned about the apparent preparations for narcotics use. Defendant stated he was getting ready for a "fix" (narcotics use) but that when he saw the officers he went to the back yard and threw the "outfit" away. The "outfit" (eyedropper and needle) were never found by the officers. In his defense testimony defendant testified he told the officers he threw the "outfit" over a fence and indicated that at that point there was "glass and stuff out there," but denied the truth of his statement to the officers and denied ownership of the materials for the "fix."

The material which the officer thought indicated narcotics use was on an upended empty lug box and consisted of a jar partly filled with water, an empty paper bindle and two pieces of cotton, one of which was wet. The officer's opinion was verified by the examination of a qualified chemist who found that both pieces of cotton had been saturated by a solution containing heroin and that a residue of heroin had remained in the cotton. On questioning by the officers at the time of arrest, defendant readily admitted ownership of these materials, that he had been getting ready for a fix, had thrown the "outfit" away when he saw the officers approach but had "screwed up" when he left part of the materials for the fix where the officers found them. He also detailed where he had obtained the heroin, the amount paid (in Mexico), that he had had some left over from a fix of a week previous and was about to use it up.

In addition to defendant's denials of ownership or possession of the narcotic, he testified to the presence of another man in the house during the four or five days prior to the arrest. But although he testified that this man worked for him four or five days and stayed at defendant's home during the same period, defendant could not tell either the first or last name of such man, either the day of arrest or the time of trial, claiming to have forgotten it. Defendant's wife, with whom defendant lived "off and on," testified to seeing a duffle bag in the house with clothing in it that belonged to some man other than her husband. She likewise gave testimony indicating that she saw nothing to indicate that defendant had or used narcotics. Apparently defendant maintained a home at 308 Villa Street, while the wife's home was at 319½ Villa Street, which she said was a block and a half away. There were no public utilities connected at 308 Villa Street. No person

other than defendant was seen by the officers at 308 Villa Street. Defendant admitted two prior felony convictions.

### SUFFICIENCY OF EVIDENCE

Defendant contends there was not sufficient evidence to support a verdict of guilty. He argues that only a trace of narcotic, not visible to the eye, was found in the two pieces of cotton. He denies any knowledge of the existence or the possession of the cotton and argues that it would have been impossible for him to prepare the narcotic for use between the time he returned home and when he saw the deputies. He contends that no narcotic was found on his person and that he did not have the sole and exclusive control of the premises.

Defendant cites *People* v. *Hancock*, 156 Cal.App.2d 305 [319 P.2d 731] ; *People* v. *Antista*, 129 Cal.App.2d 47 [276 P.2d 177] ; and *People* v. *Rumley*, 100 Cal.App.2d 6 [222 P.2d 913], for the rule that crime of possession of narcotic requires physical or constructive possession with actual knowledge of the presence of the narcotic substance.

The issue as to whether an accused had knowledge of the presence of the narcotic is one for the determination of the trier of fact and its verdict when supported by circumstantial evidence would not be reversed. (*People* v. *Baltazar*, 159 Cal.App.2d 595 [323 P.2d 1062] ; *People* v. *Torres*, 98 Cal.App.2d 189, 192 [2] [219 P.2d 480].) Under the evidence the jury was not compelled to believe the story of "another man." It was entitled to believe that the premises were, in fact, in the exclusive possession of defendant. Furthermore, the defendant need not have had, under all circumstances, exclusive possession of the premises nor physical possession of the drug. [■■ Possession of the narcotic may be shown by circumstantial as well as direct evidence, and may be constructive as well as physical. (*People* v. *Dominguez*, 191 Cal. App.2d 704, 707 [2, 3, 1b] [12 Cal.Rptr. 910].) ■ As was stated in *People* v. *Baltazar, supra*, p. 598 :

". . . While it is essential to the crime of possession of narcotics that defendant have physical or constructive possession coupled with knowledge of the presence and narcotic character of the substance possessed, it has been held that the conduct of the parties, admissions or contradictory statements and explanations are frequently sufficient to show such knowing possession." (See also *People* v. *Brickman*, 119 Cal.App.2d 253, 263 [7] [259 P.2d 917].)

Although defendant in his testimony denied most of

his admissions as related by the officers, the credibility of the defendant and the deputy was a matter for the jury to decide. This court will not reweigh the evidence. (*People* v. *Love,* 53 Cal.2d 843, 850 [1-2] [3 Cal.Rptr. 665, 350 P.2d 705]; *People* v. *Birch,* 190 Cal.App.2d 647, 651 [10-11] [12 Cal. Rptr. 122].) ▮ In reviewing the record, when the contention is insufficiency of evidence, the evidence must be viewed in the light most favorable to support the judgment. (*People* v. *Birch, supra.*)

▮ Defendant's contention concerning the small amount of residue of heroin in the pieces of cotton as identified by the chemist is without merit. Any quantity that is susceptible of being identified comes within the proscription of the law. (*People* v. *Anderson,* 199 Cal.App.2d 510, 519-521 [6] [18 Cal. Rptr. 793]; *People* v. *Jones,* 113 Cal.App.2d 567, 569-570 [1b] [248 P.2d 771]; *People* v. *Salas,* 17 Cal.App.2d 75, 78 [1] [61 P.2d 771].)

### COURT'S COMMENT TO JURY

▮ During the trial the following discussion took place:

BY THE COURT: "Now, Gentlemen, I understand that juror number eleven is in the hospital and will probably be in the hospital for two or three days, at least. It's possible under such circumstances as exist at the present time for a defendant to waive the presence of the one juror, and finish the trial with eleven jurors, but I understand the defendant does not wish to do so, and, of course, that is entirely up to the defendant.

"So, under the circumstances, I feel that about the only thing left for the Court to do is to continue this case to a date certain."

BY MR. MORROW: "Your Honor, I might state that it was upon my advice, the attorney's advice, not the defendant's statement, in connection with the refusal to waive this jury, Your Honor. For the purpose of the record, I advised the defendant we should have all twelve jurors."

This was the second time the trial had to be continued because of an absent juror. Defendant contends that the statement by the court concerning defendant's possible waiver of a juror was prejudicial to him and of such a nature that an admonition could not obviate its effect, citing *People* v. *Hidalgo,* 78 Cal.App.2d 926 [179 P.2d 102].

From the record it is apparent that if there was any error, which we need not decide, it was clearly of minimal effect, if any, and further, it was waived by the failure to object at the

558

time of comment. (*People* v. *Cole,* 177 Cal.App.2d 458, 461-462 [6] [2 Cal.Rptr. 190].)

MISCELLANEOUS

 In a letter to this court defendant objects to some unidentified picture which was never a part of the record. It therefore could not be considered on this appeal. (*People* v. *Foster,* 195 Cal.App.2d 651, 654 [5] [15 Cal.Rptr. 891].) Defendant also states that his trial counsel, a public defender, did not act in good faith. There is no showing of inadequacy of counsel. (*People* v. *Daigle,* 194 Cal.App.2d 340, 342 [5] [15 Cal.Rptr. 53] ; *People* v. *Elledge,* 186 Cal.App.2d 656, 659 [1] [9 Cal.Rptr. 188] ; *People* v. *Mitman,* 184 Cal.App.2d 685, 690-691 [4] [7 Cal.Rptr. 712].) Defendant also states he was denied his constitutional rights when the district attorney excused two Negroes, apparently on peremptory challenge, from the jury panel. First of all, there was nothing in the record to support this statement. (*People* v. *Foster, supra.*) Furthermore, the right of a defendant to a fair and impartial jury does not give him the right to have any particular juror or jurors sit in his case. (*Darcy* v. *Moore,* 49 Cal. App.2d 694, 700 [122 P.2d 281].)

A review of the entire record shows defendant received a full and fair trial and that there was substantial evidence to support the verdict of the jury.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.