[Crim. No. 33040. Second Dist., Div. Four. Apr. 26, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
KRISTINE TERESA KARMELICH et al., Defendants and Appellants.

**COUNSEL**

William T. Harter and Quin Denvir, State Public Defender, under appointments by the Court of Appeal, Charles M. Sevilla, Chief Assistant State Public Defender, Jonathan B. Steiner and William Wesley Patton, Deputy State Public Defenders, for Defendants and Appellants.

Evelle J. Younger and George Deukmejian, Attorneys General, Jack R. Winkler, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, James H. Kline and Susan D. Martynec, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**KINGSLEY, Acting P. J.**—Defendants were jointly charged with possession of heroin, in violation of section 11350 of the Health and Safety Code. After a trial by jury, they were found guilty as charged and sentenced to state prison. They have appealed; we affirm.

On this appeal, defendants contend: (1) That the trial court erred in denying their motion for the identity of an informant; and (2) that the evidence does not support the verdicts of guilt. We reject both contentions.

### I

Based on an affidavit stating that the officer had received information both from a tested and from an untested confidential informant, the police obtained a search warrant to search a motel room occupied by the defendants. The untested informant had stated that he had been inside the room and there purchased heroin from the defendants. Defendants duly moved to obtain the identity of the untested informant. The motion was denied. We see no error.

The theory of the defense is that the informant might have testified that only one of the defendants was involved in the sale to him, thus exonerating the other defendant, or that the informant might identify a third person as the seller. However, the record is clear that both defendants were occupants of the room; clothing of both defendants was found there; correspondence addressed to defendant Karmelich was found there; both defendants had been seen entering and leaving the room; a phone call to defendant Samudio from the other defendant, to the room, was intercepted during the search. There is nothing in the record even to suggest the use of the room by any other person. The

informant, even if he testified that only one defendant was the seller, would not have negated the fact that both defendants were clearly in control of the room and its contents. In a case charging only possession, only such control of the premises need be shown.

## II

The search of the room disclosed, under a carpet, nine balloons containing a substance resembling heroin, together with $120 in currency. Further search of the room disclosed a quantity of other empty balloons and narcotic paraphernalia. At the time of their arrest, both defendants were under the influence of some narcotic and had fresh "marks" indicating recent use of heroin.

On cross-examination, the police chemist testified that he had analyzed the contents of the balloons and determined that they contained heroin. He further testified as follows:

"Q. Did you do any type of a quantitative analysis?

"A. No.

"Q. Do you know what percentages minimum would be required for the various color tests and crystalline tests you've indicated took place?

"A. I've read the sensitivity of the various tests, and I can only guess most of the tests we use are sensitive to one part in a thousand, which is approximately a tenth of a percent.

"Q. So, based upon that, would it be an accurate statement to say that at least one-tenth of one percent of what you analyzed, in your opinion, would be heroin?

"A. Yes.

"Q. And without doing any type of quantitative analysis which would give the percentage of heroin within the overall volume of the substance from the balloons you can't tell us whether or not there was any more than .1 percent heroin?

"A. That's correct."

■    Defendants contend that, based on that testimony, the People failed to prove that the defendants possessed heroin in a usable quantity. We reject that contention.

In *People* v. *Leal* (1966) 64 Cal.2d 504 [50 Cal.Rptr. 777, 413 P.2d 665], the Supreme Court explored at length the history and application of the "usable quantity" doctrine. In that case it distinguished, but did not overrule, such cases as *People* v. *Salas* (1936) 17 Cal.App.2d 75 [61 P.2d 771], *People* v. *Hyden* (1953) 118 Cal.App.2d 744 [258 P.2d 1018], *People* v. *Anderson* (1962) 199 Cal.App.2d 510 [18 Cal.Rptr. 793], and *People* v. *Thomas* (1962) 210 Cal.App.2d 553 [26 Cal.Rptr. 843], where convictions of possession had been sustained, on the ground that, in those cases, there was found actual narcotics, even though in minute quantities, whereas in *Leal,* as in *People* v. *Sullivan* (1965) 234 Cal.App.2d 562 [44 Cal.Rptr. 524], there was found only the residue showing that an instrument had been used for the preparation of heroin for use. The decision in *Leal* must be limited to such cases, where only a residue unusable for any purpose, is found; it does not extend to a case such as this, comparable to the cases distinguished in *Leal,* where the presence of heroin itself, not a mere blackened residue on a spoon, was discovered.

The judgments are affirmed.

Alarcon, J., concurred.

**JEFFERSON (Bernard), J.**—I dissent.

I disagree with the majority's holding that the trial court did not err in denying defendants' motions for the identity of an untested informer. The majority's position seems to be that defendants were not entitled to disclosure of the identity of this informer because sufficient evidence was presented from which the trier of fact could conclude that the two defendants were jointly in control of the motel room involved and its contents. The majority takes the view that, in a case in which defendants are charged *only* with possession of narcotics, the only matter which the prosecution needs to prove is that the defendants had control of the premises. I do not believe this to be the law.

The law relating to a defendant's right to disclosure of the identity of an informer is well established. The rule can be simply stated: If it appears that an informer is a material witness on the issue of defendant's

guilt or innocence and defendant seeks disclosure of the informer's identity, the prosecution must either disclose such identity or incur dismissal of the action. (*People* v. *Hunt* (1971) 4 Cal.3d 231, 239 [93 Cal.Rptr. 197, 481 P.2d 205].) In such a situation, nondisclosure deprives the defendant of a fair trial. (*Price* v. *Superior Court* (1970) 1 Cal.3d 836 [83 Cal.Rptr. 369, 463 P.2d 721].)

There is no dispute about the showing which a defendant must make to secure disclosure of an informer's identity. A defendant seeking such disclosure bears the burden of demonstrating that there is "a reasonable possibility that the anonymous informant whose identity is sought could give evidence on the issue of guilt which might result in defendant's exoneration." (*People* v. *Garcia* (1967) 67 Cal.2d 830, 840 [64 Cal.Rptr. 110, 434 P.2d 366].)

In the case at bench it is clearly possible that the informer could give testimony which might exonerate one or the other or both of the two defendants. The charge of possession of heroin relates to heroin which was found in the motel room where both defendants had been seen to enter and exit at various times. The *tested* informer had given no information to the police officer that such informer had ever been in the motel room involved. The information from the *untested* informer was to the effect that, on several occasions, he had made purchases of heroin from each of the defendants in the motel room. It is reasonably possible that the untested informer might testify that when he made a purchase of heroin from defendant Samudio, the heroin was actually obtained by defendant Karmelich or a third person from some area of the motel room, and that defendant Samudio's participation consisted of only a momentary handling of the heroin in passing it from defendant Karmelich or the third person to the informer. The informer might testify that he was advised by Samudio that he, Samudio, had no heroin, and that any heroin which could be purchased was solely that of the codefendant Karmelich or that of the third person.

In similar vein, it is reasonably possible that the untested informer might testify to the reverse, which would place the defendant Samudio or the third person as the sole possessor of the heroin with defendant Karmelich having only the role of a person with a fleeting or momentary handling of any heroin purchased by this informer. A fleeting or momentary handling of heroin does *not* constitute "possession" and precludes a conviction for possession. (*People* v. *Mijares* (1971) 6 Cal.3d 415 [99 Cal.Rptr. 139, 491 P.2d 1115].)

It is my view that the possible testimony of the untested informant, as set forth above, would negate the elements of the offense of possession of narcotics with respect to one or the other or both of the codefendants before us. "The elements of the crime of possession of narcotics are physical or constructive possession thereof coupled with knowledge of the presence of the drug and its narcotic character [citations]; possession need not be exclusive. [Citations.]" (*People* v. *White* (1969) 71 Cal.2d 80, 82 [75 Cal.Rptr. 208, 450 P.2d 600].)

My quarrel with the majority's holding is that the majority relies upon the evidence admitted on the question of guilt to lead to the conclusion that the defendants were not entitled to disclosure of the identity of the untested informant. It is true that the elements of the crime of possession of narcotics may be established by circumstantial evidence and any reasonable inference drawn therefrom (*People* v. *Groom* (1964) 60 Cal.2d 694 [36 Cal.Rptr. 327, 388 P.2d 359]), and that actual possession of a narcotic substance may constitute substantial evidence that the possessor was aware of its narcotic character (*White, supra,* 71 Cal.2d 80), but these rules of law are irrelevant to a consideration of whether, upon a hearing on a pretrial motion for disclosure of the identity of an informer, a defendant has made the requisite showing as set forth in *Garcia.*

It is my view that the case at bench is indistinguishable from *People* v. *Tolliver* (1975) 53 Cal.App.3d 1036 [125 Cal.Rptr. 905], in which we held that the trial court had properly granted defendants' motion for disclosure of the identity of an informant and had properly dismissed the information because of the prosecution's refusal to make disclosure. In *Tolliver,* as in the case at bench, heroin was found in premises where the two defendants were also found with items such as clothing and other indicia which would indicate that both defendants could have been in possession of the premises. The informer in *Tolliver,* as the informer in the case before us, provided information to a police officer that he had been on the premises and had purchased heroin from each of the defendants there.

In *Tolliver,* we set forth the law pertaining to the right of a defendant to obtain disclosure of the identity of an informer in the following language: "To obtain disclosure of an informant's identity, the defendant is not required to show that the informer was either a participant in the crime charged or an eyewitness thereto. Obviously, the participant-informer presents the clear-cut example of an informant who is a material witness on the issue of guilt or innocence. Nor is it required, in order to obtain

disclosure of the informant's identity, that defendant establish that the informer *would* give favorable testimony. Defendant cannot be expected to know this about an undisclosed informant. [¶] Likewise, it is not required for a defendant to obtain disclosure of an informant's identity, that he demonstrate a reasonable possibility of the exact testimony the informant is expected to give. Such a requirement would impose an insuperable task. [¶] However, defendant's showing to obtain disclosure of an informant's identity must rise above the level of *sheer* or *unreasonable* speculation, and reach at least the low plateau of reasonable possibility. If defendant's showing falls short of demonstrating a reasonable possibility that the informer could give evidence favorable to defendant's exoneration, the prosecution's claim of privilege for nondisclosure of the informer's identity must be sustained." (*Tolliver, supra,* 53 Cal.App.3d 1036, 1043-1044.) (Italics in original.)

We pointed out in the *Tolliver* case that both defendants there could properly advance the contention that an informer might testify that the contraband which was sold to the informant by each defendant came from a third person on the premises who was in control of such contraband.

We emphasized in *Tolliver* that the record did not reveal that the informant there had told the police officer, with respect to any sale transaction with either defendant, where such defendant obtained the contraband—whether from the other or a third person, whether from that defendant's person, or whether from a specific area in the premises such as a cupboard in the kitchen, a drawer of a chest of drawers, or a suitcase from under a bed.

Similarly, in the case at bench, there is no evidence that the untested informer indicated the source in the motel room from which the specific defendant obtained the heroin which the informer purchased.

It is my view that *Tolliver* mandates a reversal of the convictions of the two defendants before us because of the denial of the pretrial motions made by each of these defendants for disclosure of the untested informer's identity.

It is significant that, in the case at bench, the prosecution did *not* seek an *in camera* hearing at which the untested informer could have been produced for questioning as authorized by Evidence Code section 1042, subdivision (d). Had the prosecutor requested such an *in camera* hearing,

the trial court would have been in a position to assess correctly the importance of the informer's testimony insofar as each of these defendants is concerned. Apparently the prosecutor did not request such an *in camera* hearing in spite of defendant's pretrial motions for disclosure of identity based on the assumption—which turned out to be accurate—that the trial court would not grant the motion for disclosure. It is my view that the prosecution should not be permitted to fail to request an *in camera* hearing and gamble on the prospect of obtaining a favorable ruling from the trial court denying a motion for disclosure of the identity of an informant.

Accordingly, I would reverse the judgments of conviction, thus requiring that the prosecution disclose the identity of the untested informer or incur a dismissal for failure to do so.

A petition for a rehearing was denied May 11, 1979, and appellants' petitions for a hearing by the Supreme Court were denied July 12, 1979.