Filed 10/30/14  P. v. Hayes CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JOSHUA JUSTICE HAYES,<br><br>    Defendant and Appellant. | A140374<br><br>(Humboldt County<br>Super. Ct. No. CR1302478) |

Joshua Justice Hayes appeals his conviction for possessing a controlled substance in a penal institution.[1]  He argues there is insufficient evidence to support his conviction.  We disagree and affirm.

I.
FACTS

The incident giving rise to Hayes's conviction took place on June 4, 2013, at the Humboldt County Correctional Facility where Hayes was an inmate.  Sherriff's Deputy John Craig testified that he was looking through a window and saw Hayes sitting on the floor of the recreation yard.  Deputy Craig was about 70 feet away from Hayes, and Hayes was about 10 feet away from a group of inmates playing basketball.  Hayes had his back to the wall and was fiddling with something in his lap.

Deputy Craig entered the yard to investigate.  As he approached, Hayes placed something behind his back.  Deputy Craig instructed Hayes to stand up, and Hayes complied but asked, "What?"  Deputy Craig noticed a crumpled piece of paper behind

---

[1] The charge was brought under Penal Code section 4573.6.

Hayes. No other debris was in the area. Deputy Craig believed that the paper was a page out of a jail bible, and he knew these pages were sometimes used by inmates to roll, light, and smoke "whatever they have."

Deputy Craig found a substance in the paper about the size of a pencil eraser. He believed it was marijuana based on the smell and "look of it." He testified that he was familiar with marijuana because he had seen it in the jail and at parties when he was younger. Together, the paper and substance weighed about 0.2 grams. Deputy Craig believed that this amount of marijuana was enough to be smoked, but he was unsure if it would have an intoxicating effect.

Hayes was taken to the processing unit to be strip searched. A deputy who was working in the unit at the time testified that Hayes removed a small BIC lighter from his waistband and handed it to another guard who was assigned to perform the search. The lighter was not entered into evidence, and no other items were revealed by the search. No chemical analysis of the substance was performed, and neither it nor a photograph of it was presented to the jury.

Hayes was charged and convicted on a single count of possessing an unauthorized controlled substance in a penal institution.

## II.
### DISCUSSION

To convict a defendant of possessing an unauthorized controlled substance in a penal institution, the following elements must be shown: (1) the defendant possessed a controlled substance; (2) the defendant knew of the presence of the controlled substance; (3) the defendant knew of its nature as a controlled substance; (4) there was a sufficient amount of the substance to be usable; and (5) the defendant was in jail or under the custody of prison officials. (Pen. Code, § 4573.6; *People v. George* (1994) 30 Cal.App.4th 262, 277.) Hayes admits that he was in jail at the time of the incident, but he contends there was insufficient evidence to support the jury's findings that the other elements were satisfied.

2

In reviewing Hayes's contention, we apply the familiar substantial-evidence rule. (*In re Ryan D.* (2002) 100 Cal.App.4th 854, 859.)  In doing so, we " 'must view the whole record in a light most favorable to the judgment, resolving all evidentiary conflicts and drawing all reasonable inferences in favor of the decision of the trial court.' " (*DiMartino v. City of Orinda* (2000) 80 Cal.App.4th 329, 336.)  " 'We may not substitute our view of the correct findings for those of the [jury]; rather, we must accept any reasonable interpretation of the evidence which supports the [jury]'s decision.' " (*Ibid*.)  Substantial evidence is " 'evidence of ponderable legal significance, evidence that is reasonable, credible and of solid value.' " (*Roddenberry v. Roddenberry* (1996) 44 Cal.App.4th 634, 651.)  In a criminal case, the "test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt." (*People v. Reilly* (1970) 3 Cal.3d 421, 425.)

Hayes contends there was insufficient evidence to establish that the substance confiscated by Deputy Craig was marijuana or another controlled substance, that he possessed the substance and knew it was controlled, and that there was a sufficient amount of the substance to be usable.  We discuss these contentions in turn.

The only evidence presented on the first issue—whether sufficient evidence was presented for the jury to find that the substance was marijuana or otherwise controlled—was the testimony of Deputy Craig.  He stated that he believed the substance was marijuana based on its look and smell; that he was familiar with marijuana from having seen it in the jail and at parties; and that the substance was found in a page from a prison bible, which inmates sometimes use to roll and smoke illicit substances.  Hayes counters by pointing out that the substance was never tested or presented to the jury and that Deputy Craig is not an expert on narcotics or marijuana.

We conclude that sufficient evidence supported the jury's finding that the substance was controlled.  To begin with, we reject Hayes's contention that a chemical analysis was necessary to establish that the substance was a narcotic.  (*People v. Sonleitner* (1986) 183 Cal.App.3d 364, 369.)  " 'The nature of a substance, like any other fact in a criminal case, may be proved by circumstantial evidence.' " (*Ibid.*)  In *People v.*

3

*Marinos* (1968) 260 Cal.App.2d 735, 737-738, for example, the court affirmed a conviction for possession of marijuana based on the opinion of a police officer who had observed the defendant smoking a marijuana cigarette. The officer's opinion was predicated on the odor and appearance of the cigarette, as well as his many years of experience. (*Id.* at p. 738.) The jury here could have reasonably inferred that Deputy Craig had enough experience to identify marijuana at close range.

In his appellate briefs and at oral argument, Hayes argued that Deputy Craig's testimony that the substance was marijuana was insufficient because only an expert can opine that a substance is controlled. But Hayes forfeited any such argument by failing to object to the admissibility of Deputy Craig's testimony below. (See *People v. Viray* (2005) 134 Cal.App.4th 1186, 1209.) Although Hayes requested, and the trial court gave, an instruction on lay opinion, he did not object to the admissibility of Deputy Craig's testimony. This failure to object left the prosecution with no reason to attempt to lay a foundation or move for the qualification of Deputy Craig as an expert by virtue of his experience.[2]

We also conclude that sufficient evidence supported the jury's findings that Hayes possessed the substance and knew it was controlled. Deputy Craig testified he observed Hayes handle something in his lap, saw Hayes place something behind his back when he

---

[2] Because any objection to the admissibility of Deputy Craig's testimony was forfeited, we need not and do not resolve whether the testimony constituted proper lay opinion. "[A] lay opinion must involve a subject that is of such common knowledge that men of ordinary education could reach a conclusion as intelligently as the witness. There is no . . . category of admissible opinions provided by highly experienced, nonexpert, lay witnesses." (*People v. Fiore* (2014) 227 Cal.App.4th 1362, 1384, quotations omitted.) Although we do not rule on this issue, we recognize that other courts have come to different conclusions on whether an officer's lay opinion as to whether a substance is a narcotic is admissible when the officer has the requisite experience. (See *In re J.D.O.* (N.C. Ct. App. 2013) 736 S.E.2d 649 [officer need not be tendered as expert to render opinion on identity of narcotics]; *United States v. Santana* (1st Cir. 2003) 342 F.3d 60, 68-69 [officer's lay opinion that he smelled marijuana admissible]; but see *Norman v. State of Delaware* (Del. 2009) 968 A.2d 27, 31 & fn. 8 [trial courts should be "circumspect" about allowing police officers to offer lay opinions on identity of narcotics].)

4

approached, and found the paper and the substance directly behind Hayes after Hayes stood up.  Hayes suggests that the paper and substance might have been another inmate's because other inmates were nearby playing basketball.  But the jury could easily have inferred from this evidence that Hayes possessed the marijuana.  Similarly, the jury could easily have inferred that Hayes knew that the substance was present and illicit.  From Deputy Craig's testimony that Hayes placed something behind his back before he stood up, the jury could have inferred that Hayes was trying to hide or discard the substance because he knew it was illegal.  Furthermore, the substance was found in a page from a prison bible and, according to Deputy Craig, bible pages were used by inmates to smoke illicit substances.  Hayes suggests that his lack of awareness of the marijuana is shown by his confusion and only saying "What?" when Deputy Craig ordered him to stand.  But inferences other than Hayes's innocence are just as reasonable from this evidence.  The jury could have believed, for example, that Hayes asked "What?" because he had not heard Deputy Craig clearly or wanted to appear innocent.  Finally, the jury could have inferred that Hayes knew the substance was controlled and intended to smoke it because he was later found with a lighter in his waistband.

Hayes lastly argues there is insufficient evidence to prove a usable amount of marijuana.  A defendant may not be convicted for possessing useless traces or residue of a controlled substance.  (*People v. Leal* (1966) 64 Cal.2d 504, 512.)  "Hence the possession of a minute crystalline residue of narcotic useless for either sale or consumption . . . does not constitute sufficient evidence in itself to sustain a conviction." (*Ibid.*)  This rule is limited to cases where only a residue, unusable for any purpose, is found.  (*People v. Karmelich* (1979) 92 Cal.App.3d 452, 456.)  The prosecution bears the burden of showing that the defendant possessed a quantity of narcotic that "could be

5

potentiated by consumption in any of the manners customarily employed by users."[3] (*People v. Piper* (1971) 19 Cal.App.3d 248, 250.)  But the prosecution need not prove that the substance possessed by the defendant had any particular purity or potential narcotic effect.  (*People v. Rubacalba* (1993) 6 Cal.4th 62, 66.)

We recognize that the amount of the marijuana confiscated was small.  The marijuana and paper together weighed 0.2 grams, and no evidence was presented on how much each weighed on its own.  Deputy Craig described the volume as about the size of a pencil eraser.  But even though only a small amount of marijuana was found, we conclude that the jury could have reasonably found that the amount was usable and that Hayes intended to use it.  Deputy Craig testified that the amount of marijuana was enough to smoke, the marijuana was wrapped in paper that inmates used for smoking, and Hayes was later found with a lighter.  While the usable-amount rule precludes convictions for possessing trace amounts of a narcotic, it permits convictions for minute amounts.  (*People v. Karmelich*, *supra*, 92 Cal.App.3d at p. 456 [defendant could be prosecuted for minute quantity of drug so long as it was not merely residue]; cf. *People v. Leal*, *supra*, 64 Cal. 2d at p. 505 [defendant could not be prosecuted for possessing "small spoon on which was encrusted one-half grain (approximately 32 milligrams) of crystallized substance later stipulated to contain heroin"]; *People v. Vargas* (1973) 36 Cal.App.3d 499, 505 [defendant could not be prosecuted for possessing a poisonous mixture of alcohol and marijuana unusable as a narcotic]; *People v. Cole* (1952) 113 Cal.App.2d 253, 262 [defendant could not be prosecuted for possessing 12 seeds and a single flake of marijuana].)

---

[3] This doctrine, which we shall refer to as the usable-amount rule, was first developed in cases involving Health and Safety Code sections punishing possession of a narcotic. (See *People v. Leal*, *supra*, 64 Cal.2d at pp. 504, 512.)  The court later found that the rule applied to Penal Code section 4573.6, which punishes possession within a penal institution. (*People v. Carrasco* (1981) 118 Cal.App.3d 936, 948.)  The court reasoned that the legislature was presumably aware of the usable-amount rule when it amended section 4573.6 and declined to provide a different definition of possession. (*Id.* at p. 948.)

6

Accordingly, we find that there is substantial evidence of all elements of possession of a controlled substance in a penal institution.

### III.
### DISPOSITION

Affirmed.

_____
Humes, P.J.

We concur:

_____
Margulies, J.

_____
Dondero, J.