Filed 3/1/16  P. v. Ramirez CA5

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>RAYMOND ANDREW RAMIREZ,<br><br>Defendant and Appellant. | F069851<br><br>(Super. Ct. No. 14CM7016)<br><br>**OPINION** |

THE COURT[*]

APPEAL from a judgment of the Superior Court of Kings County.  Donna L. Tarter, Judge.

James F. Johnson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Lewis A. Martinez and Amanda D. Cary, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Levy, Acting P.J., Poochigian, J. and Detjen, J.

## INTRODUCTION

Appellant Raymond Andrew Ramirez (hereafter defendant) was convicted of violating Health and Safety Code[1] section 11352, subdivision (a), transportation of heroin (count 1), and of violating section 11350, subdivision (a), possession of heroin (count 2). He raises numerous challenges to the count 1 conviction, contends the evidence is insufficient to support the count 2 conviction, and asserts Proposition 47 entitles him to an automatic reduction of his felony conviction to a misdemeanor and resentencing. We reverse his count 1 conviction and reject his other contentions.

## FACTUAL AND PROCEDURAL SUMMARY

On October 26, 2013, officers Oscar Torres and Herlinda Rodriguez were on patrol in Corcoran when they saw defendant riding a bicycle on Whitley Avenue shortly after 3:00 p.m. Defendant was stopped and agreed to a search of his person. Torres conducted a search, during which he found a small metal container attached to a key chain in one of defendant's pockets. The container emitted a strong odor of vinegar, which Torres knew to be consistent with black tar heroin. Inside the container were four bindles, each about the size of a penny.

Torres opened one of the bindles and saw a substance that was consistent with the appearance of black tar heroin. Defendant was arrested and admitted that the substance inside the bindles was heroin for his personal use. Defendant stated he used approximately one-half gram per day of heroin and had last used the night before his arrest. He stated the four bindles were for his use later that day.

Subsequent testing of one bindle confirmed that it contained .075 grams of heroin. Each of the bindles, including packaging, weighed 0.1 grams and the four bindles combined weighed 0.4 grams.

---

[1] References to code sections are to the Health and Safety Code unless otherwise specified.

2.

Defendant was charged with transportation of heroin and possession of heroin. It also was alleged that he had suffered a prior strike conviction; served three prior prison terms; and had one prior substance related conviction.

A jury was empaneled on April 23, 2014. Torres testified at trial that based upon his training and experience, the amount of heroin found in defendant's possession was a usable quantity.

The jury found defendant guilty as charged of both counts. On the People's motion, the trial court dismissed the prison and controlled substance priors. In a bifurcated trial, the jury found the prior strike allegation to be true.

Defendant was sentenced on July 24, 2014. The trial court imposed the lower term of three years for the count 1 offense, doubled to six years because of the prior strike. The same term doubled was imposed for the count 2 offense, but stayed pursuant to Penal Code section 654. Total credits of 544 days were awarded and various fines and fees were imposed.

A notice of appeal was filed on August 1, 2014. Defendant filed an opening brief on February 4, 2015. Thereafter, defendant sought and obtained from this court permission to file a supplemental opening brief. The supplemental opening brief was filed March 24, 2015, and respondent filed their brief on April 22, 2015.

## DISCUSSION

Defendant raises multiple issues with respect to the count 1 conviction for transportation of heroin in his supplemental and opening briefs. He also challenges the sufficiency of the evidence supporting the count 2 conviction. Lastly, defendant contends he is entitled to have his felony conviction reduced to a misdemeanor pursuant to Proposition 47.

### I. Transportation of Heroin

Defendant raises multiple challenges to his conviction for violating section 11352. We need not address all the issues raised by defendant regarding this conviction. As the

3.

People concede, the January 1, 2014, amendment to that code section applies retroactively to defendant. As amended, section 11352 requires that the transportation be for purposes of sale. Here, the jury was not instructed on this point and there was no evidence defendant intended to sell the heroin. Consequently, the conviction on this count must be reversed for insufficiency of the evidence as well as instructional error.

Section 11352, subdivision (a), criminalizes the transportation of specified controlled substances. Courts had interpreted the term "transports" to include transportation for personal use. (See, e.g., *People v. Eastman* (1993) 13 Cal.App.4th 668, 673-677; *People v. Cortez* (1985) 166 Cal.App.3d 994, 999-1001.) Effective January 1, 2014, the Legislature amended section 11352 to define "transports" as "transport for sale." (Stats. 2013, ch. 504, § 1; § 11352, subd. (c).)

In the case of *In re Estrada* (1965) 63 Cal.2d 740, the California Supreme Court held that when the Legislature amends a statute so as to lessen the punishment for an offense, the amendment imposing a lighter punishment applies to every case to which it constitutionally could apply. (*Id.* at pp. 744-745.) This court, in *People v. Vinson* (2011) 193 Cal.App.4th 1190, held that an amendment to a statute applied retroactively when the amendment made it less likely a defendant would qualify for punishment. (*Id.* at pp. 1197-1199.)

The People concede the amendment to section 11352 applies to defendant because the bill enacting the amendment did not include a savings clause and defendant had not yet been tried and convicted of the offense. (*People v. Wright* (2006) 40 Cal.4th 81, 94-95.) Consequently, an element of the offense the People would have to prove, and upon which the jury should have been instructed, is that the transportation was a transportation for sale as required by section 11352, subdivision (c). (*People v. Hamilton* (1978) 80 Cal.App.3d 124, 133 [trial court has sua sponte duty to instruct on all elements of an offense].)

4.

Failure to instruct the jury that it must find defendant was transporting the heroin for purposes of sale in order to return a guilty verdict on the section 11352 offense constitutes a failure to instruct on an element of the offense and is federal constitutional error. (*People v. Gonzalez* (2012) 54 Cal.4th 643, 662-663.) The error is not harmless.

Here, there was no evidence defendant was transporting the heroin for sale; the only evidence indicated the heroin was for defendant's personal use. The trial court explicitly found: "There was no indicia that the amount was for sales." We cannot conclude beyond a reasonable doubt that the jury verdict would have been the same had the jury been properly instructed because the record is devoid of any evidence whatsoever that defendant transported the heroin for purposes of sale. (*People v. Bolden* (2002) 29 Cal.4th 515, 560.) Therefore, the conviction must be reversed.

Defendant also argues that he cannot be retried for this offense, a point the People concede. Generally, double jeopardy forbids a second trial for the purpose of affording the People a second opportunity to provide evidence it failed to produce in the first proceeding. (*Burks v. United States* (1978) 437 U.S. 1, 11.) Where, as here, the People failed to produce any evidence that defendant was transporting the heroin for purposes of sale as required by section 11352, subdivision (c), the evidence is insufficient to sustain the conviction and retrial is barred by double jeopardy. (*People v. Eroshevich* (2014) 60 Cal.4th 583, 591-592.)

## II. Sufficiency of Evidence of Possession

Defendant contends his possession of heroin conviction is not supported by the evidence because there is insufficient evidence from which a jury could find he had a " 'usable amount' " of heroin. We disagree.

### *Standard of Review*

Our duty on a challenge to the sufficiency of the evidence is to review the whole record in the light most favorable to the judgment for substantial evidence – evidence that is reasonable, credible, and of solid value – that could have enabled any rational trier of

fact to have found the defendant guilty beyond a reasonable doubt. (*Jackson v. Virginia* (1979) 443 U.S. 307, 318-319; *People v. Prince* (2007) 40 Cal.4th 1179, 1251.) In doing so, we presume in support of the judgement the existence of every fact a reasonable trier of fact could reasonably deduce from the evidence. (*People v. Prince*, *supra*, 40 Cal.4th at p. 1251.) The same standard of review applies to circumstantial and direct evidence alike. (*Ibid*.)

### *Analysis*

The California Supreme Court in *People v. Leal* (1966) 64 Cal.2d 504, 512 established that a defendant must possess a usable quantity of a controlled substance in order to be guilty of possession. Possession of useless traces or residue of a controlled substance is not sufficient to sustain a conviction for possession of a narcotic substance. (*People v. Rubacalba* (1993) 6 Cal.4th 62, 64-65.) The usable quantity rule "does not extend to a substance containing contraband, even if not pure, if the substance is in a form and quantity that can be used. No particular purity or narcotic effect need be proven." (*Id.* at p. 66.)

The evidence established that one bindle contained .075 grams of heroin and there were four bindles. Defendant admitted to Torres that the bindles contained heroin for his own use and he had planned to use the contents later that day. Torres opined that the amount found on defendant in the four bindles constituted a usable amount. Based on this evidence, a reasonable jury could conclude that all four bindles contained heroin and that the amount in all four bindles combined constituted a usable amount.

Although the usable amount rule precludes conviction for possession of trace amounts, it permits conviction for minute amounts. (*People v. Karmelich* (1979) 92 Cal.App.3d 452, 456.) A reasonable jury could have found that since each bindle was the same size; defendant admitted each bindle contained heroin; and one bindle contained .075 grams of heroin; the total amount possessed by defendant was 0.3 grams. Furthermore, in light of Torres's testimony, a jury reasonably could find that an amount

6.

of 0.3 grams is more than a trace amount and qualified as a usable amount. (*People v. Prince*, *supra*, 40 Cal.4th at p. 1251.)

We conclude sufficient evidence supports the count 2 conviction for possession of heroin. (*People v. Rubacalba*, *supra*, 6 Cal.4th at pp. 65-66.)

### III.    Proposition 47

Defendant contends that Proposition 47 entitles him to an automatic reduction to a misdemeanor of his felony conviction for violating section 11350, subdivision (a). He is mistaken. Defendant's claims that Proposition 47 applies automatically and retroactively to reduce his conviction to a misdemeanor have been addressed, and rejected, by other appellate courts and we summarily dispense with these arguments here.

On November 4, 2014, voters enacted Proposition 47, "the Safe Neighborhoods and Schools Act" (hereafter Proposition 47). It became effective the next day. (Cal. Const., art. II, § 10, subd. (a).) Proposition 47 provided that certain drug- and theft-related offenses previously felonies or "wobblers" would in the future be misdemeanors, unless committed by certain ineligible defendants. (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1091.) Proposition 47 also created a new sentencing provision, Penal Code section 1170.18, subdivision (a), by which a person currently serving a felony sentence for an offense now a misdemeanor could petition in the trial court for a recall of the felony sentence and seek to be resentenced in accordance with Proposition 47. (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1092.)

A violation of section 11350, subdivision (a) previously was a felony; after Proposition 47, it is now a misdemeanor. (*People v. Rivera*, *supra*, 233 Cal.App.4th at p. 1092.) Proposition 47, however, does not provide for an automatic resentencing for a defendant currently serving a felony sentence and is not automatically applicable to those whose judgments are not yet final. (*People v. Scarbrough* (2015) 240 Cal.App.4th 916, 924-925.) Penal Code section 1170.18, subdivision (a) specifically states that a defendant currently serving a felony sentence for an offense that would be a

7.

misdemeanor after Proposition 47 "may petition for a recall of sentence before the trial court that entered the judgment of conviction in his or her case to request resentencing" in accordance with Proposition 47.

Defendant's judgment is not yet final. (*People v. Shabazz* (2015) 237 Cal.App.4th 303, 312.) Proposition 47 is not to be automatically applied to convictions on appeal. (*People v. Shabazz, supra*, at pp. 313-314.) Defendant is limited to the statutory remedy set forth in Penal Code section 1170.18, subdivision (a) and may petition for recall of his sentence in the trial court once the judgment is final. (*People v. Scarbrough*, *supra*, 240 Cal.App.4th at pp. 929-930.)[2]

## DISPOSITION

The conviction for violating Health and Safety Code section 11352, subdivision (a), transportation of heroin, is reversed. In all other respects, the judgment is affirmed without prejudice to defendant's right to petition for recall and resentencing pursuant to Penal Code section 1170.18.

---

[2]     This is not a situation in which an inmate seeks relief under Penal Code section 1170.18 while an appeal is pending concerning denial of relief under Penal Code section 1170.126. (See *People v. Superior Court (Gregory)* (2005) 129 Cal.App.4th 324, 332.)

8.