[Crim. No. 4438. Fourth Dist., Div. One. Aug. 13, 1971.]

THE PEOPLE, Plaintiff and Respondent, v.
JOHN HENRY PIPER, JR., Defendant and Appellant.

## COUNSEL

John G. Emerson, under appointment by the Court of Appeal, for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Mark L. Christiansen, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

**BROWN (Gerald), P. J.**—John Henry Piper appeals a court-tried judgment (probation order) convicting him of possessing marijuana (Health & Saf. Code, § 11530) and possessing narcotic paraphernalia (Health & Saf. Code, § 11555).

Piper possessed 13.6 grams of marijuana, enough to make about 34 cigarettes, and a smoking pipe containing marijuana residue. His sole contention on appeal is the prosecution did not bear its burden of showing he possessed a "usable" quantity of marijuana because no quantitative analysis of the marijuana was made to establish the particular marijuana he possessed had a potential to produce a narcotic effect on one using it.

The law regulating possession of marijuana draws no distinction between a high grade and a low grade plant. Expert testimony at the trial identified the chemical component of marijuana which produces a narcotic effect as tetrahydrocannabinol (THC) which is contained in the resin of the marijuana plant. Health and Safety Code section 11530 refers to possession of marijuana, rather than any component of the plant. Marijuana is defined as "all parts of the plant Cannabis sativa L. (commonly known as marijuana), whether growing or not; the seeds thereof; the resin extracted from any part of such plant; and every compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds or resin" (Health & Saf. Code, § 11003.1). Cannabis sativa is defined as meaning "the male or female of any species commonly known as cannabis sativa, hemp, Indian hemp, or marihuana" (Health & Saf. Code, § 11003).

The legislative intent is to regulate the possession of marijuana in any form. Possession is not privileged because the particular plant may contain a low level of THC any more than it would be privileged to a person who has developed a high tolerance to the narcotic effect of marijuana. It is the plant itself, as well as its products, which is regulated.

Piper cites *People* v. *Leal,* 64 Cal.2d 504, 512 [50 Cal.Rptr. 777, 413 P.2d 665], to support his contention the legislative scheme in narcotics regulation "proscribed possession of a substance that has a narcotic potential; it [the Legislature] condemned the commodity that could be used as such." *Leal* dealt with the possession of useless traces of heroin and held " '. . . possession of a minute crystalline residue of narcotic *not intended for consumption or sale and useless for either of these purposes* is insufficient evidence to sustain a conviction for known possession of a narcotic.' " (*People* v. *Leal, supra,* 64 Cal.2d 504, 510.)

By proscribing possession of the marijuana plant and its derivatives, the Legislature has recognized the narcotic potential of the plant itself. The prosecution bears its burden when it shows the substance defendant possessed was marijuana and it was of a quantity which could be potentiated by consumption in any of the manners customarily employed by users, rather than useless traces or debris of narcotic. By show-

ing Piper had enough marijuana to make about 34 cigarettes, the prosecution sustained its burden of proof.

Judgment affirmed.

Coughlin, J., and Whelan, J., concurred.

A petition for a rehearing was denied September 8, 1971, and appellant's petition for a hearing by the Supreme Court was denied October 6, 1971.