RAPHAEL, J., Concurring.
*349 *357 Is there any quantity of a controlled substance that is too small to be a "usable quantity" under California law?
Our answer in today's opinion, at least in my view, is no. I join the opinion but write to explain this answer. Under our reading of existing law, the "usable quantity" element-counter to the ordinary meaning of those words-does not actually depend on the quantity of the drug in the defendant's possession. In this case, any measurable quantity of methamphetamine would suffice to support defendant's conviction; we hold that a small quantity of that drug here was sufficient, even though its precise amount was unknown and could be the smallest amount measurable by the laboratory. Under our reasoning, it is sufficient that some quantity of the drug was in a form suitable for consumption. Under the law as we find it, a drug is in a usable quantity simply if it-in whatever quantity-is possessed in a form that is typical for (or at least amenable to) controlled substance ingestion.
I
In his jail area, defendant Tanner Joseph Polk possessed eight scraps of paper, four of which were lab-tested for the presence of methamphetamine. Three of those-weighing .017 grams, .024 grams, and .03 grams-tested positive.
But the lab could not determine the quantity of methamphetamine on each scrap. Thus, Polk's primary argument in this appeal is that the prosecution failed to prove an essential element of his drug possession crime: that he possessed a "usable quantity" of the methamphetamine. His argument has appeal based on the language of the element. After all, if an unknown quantity of methamphetamine on three tiny scraps of paper is sufficient to show a "usable quantity" beyond a reasonable doubt, it is hard to see how any quantity could ever be too small. We nevertheless hold that his argument fails under existing law.
A
Our Supreme Court has stated that an "essential element[ ]" of every drug possession case is that the defendant possessed a controlled substance " 'in a quantity usable for consumption or sale.' " ( People v. Martin (2001) 25 Cal.4th 1180, 1184, 108 Cal.Rptr.2d 599, 25 P.3d 1081 ; People v. Palaschak (1995) 9 Cal.4th 1236, 1242, 40 Cal.Rptr.2d 722, 893 P.2d 717 ). Accordingly, under the official instruction that states the elements in most simple-possession drug cases, the jury is told that the prosecution must demonstrate that "[t]he controlled substance was in a usable amount." ( CALCRIM No. 2304.) Likewise, our opinion today states that an element of the *358 defendant's Penal Code section 4573.6 crime was that the drug was in an "amount sufficient to be used as a controlled substance." (Maj. opn., ante , at p. 343.)
In most cases, the "usable quantity" element is uncontested. Whatever else may be at issue in a drug case (for example, a defendant's knowledge of the drug's presence), enough of the substance typically is involved that the parties do not contest whether the quantity is usable. Moreover, when little of the drug is present because the defendant has consumed it, the People can base the prosecution on the larger, ingested quantity ( People v. Palaschak , supra , 9 Cal.4th at p. 1242, 40 Cal.Rptr.2d 722, 893 P.2d 717 ), an argument not made in this case.
But in a relatively rare case involving merely a tiny quantity, when is an amount "unusable" and when is it "usable"? Juries are provided with language that governs *350 such a determination. The caselaw quoted above states that a quantity of a controlled substance must be "usable for consumption." The standard jury instruction, this part of which was used here, likewise states: "A usable amount is a quantity that is enough to be used by someone as a controlled substance." ( CALCRIM No. 2304.) Juries, including the one in this case, are told that a "useless trace" is not a "useable amount." (Ibid. ).
Juries, however, are given no particular way to determine what differentiates a "useless trace" from a "usable amount." That is, if, say, 3 milligrams of methamphetamine is a usable amount, is 2 milligrams a useless trace? 1? Something even less?
There is only one plausible way that the law, or a jury, could make such a distinction based on quantity alone. And that is by reference to an amount that may have a narcotic effect on someone who is using the controlled substance, which is the reason why the substances are prohibited in the first place. In other words, it could be that amounts too tiny to affect a user are useless traces, and anything greater is an amount usable for consumption.
But this way of distinguishing useless from usable quantities is prohibited by our Supreme Court's law. Under People v. Rubacalba (1993) 6 Cal.4th 62, 66, 23 Cal.Rptr.2d 628, 859 P.2d 708, "[n]o particular purity or narcotic effect need be proven" in a drug case. This proposition of law also is typically provided to juries, including the one here. ( CALCRIM No. 2304.)
This Rubacalba rule eliminates any rational way of distinguishing a "useless" quantity of a controlled substance from a "usable" one. And it is the reason why, under our opinion today, even the smallest measurable amount of methamphetamine found on a piece of paper-which the amount on each *359 scrap of paper in this case could have been-is sufficient to support a conviction. The import of Rubacalba on the "usable quantity" element is to ensure that no prosecution could ever fail on that element simply because the quantity prosecuted is too small. (See People v. Mata (1986) 180 Cal.App.3d 955, 959, 226 Cal.Rptr. 150 [where prosecution is not required to prove that a controlled substance has an effect, "the quantity of PCP involved is not relevant in a prosecution for sale of the drug"].)
B
Although the usable quantity element does not actually preclude any prosecution based on quantity alone, it seems to me that that element has an application. Given the caselaw, the usable quantity element is actually about the form that the controlled substance is in, regardless of its precise quantity. In this regard, Rubacalba -the source of the "useless trace" term-stated that the "usable-quantity rule prohibits conviction only when the substance possessed simply cannot be used, such as when it is a blackened residue or a useless trace." ( People v. Rubacalba , supra , 6 Cal.4th 62, 66, 23 Cal.Rptr.2d 628, 859 P.2d 708.)
A blackened residue may come in a substantial quantity ; but it is in a form in which no user ingests it. A "useless trace" may be read in the same manner. A dusting of a drug on a person's sweater; residue of cocaine on a piece of currency; a dog-detected odor of marijuana on a car's floor mat from an indiscernible remnant of the drug-these are examples of possession of a drug in a form that is unusable as a controlled substance. (See People v. Piper (1971) 19 Cal.App.3d 248, 250, 96 Cal.Rptr. 643 [prosecution's burden is to show that the drug "could be potentiated by consumption in any of the manners customarily *351 employed by users"]; People v. Camp (1980) 104 Cal.App.3d 244, 249, 163 Cal.Rptr. 510 [controlled substance of unknown quantity was mixed with another substance "for the purpose of ingestion"].)
Consequently, in my view, we are interpreting the caselaw's requirement of a "quantity usable for consumption" as a requirement of a "form useable for consumption."
II
Most other states reject the "usable quantity" element entirely. (See, e.g., State v. Cheramie (2008) 218 Ariz. 447, 189 P.3d 374, 378 ["[a] 'usable quantity' is neither an element of the possession offense nor necessary to sustain a conviction for it."]; Richardson v. People (Colo. 2001) 25 P.3d 54, 58 ["possession of a usable quantity is not an element of the crime of possession"]; State v. Rhode (1999) 133 Idaho 459, 988 P.2d 685, 687 ["Neither *360 the evidentiary nor the statutory rationale for implementing the usable-quantity rule recommends the adoption of the usable-quantity rule by this Court"]; State v. Brown (1989) 245 Kan. 604, 783 P.2d 1278, 1285 [joining "majority view" that any amount of a controlled substance can sustain a conviction].)
Our state's adoption of a usable quantity element creates the appearance of a substantial difference between the law in California and other jurisdictions. But today's opinion indicates that difference is not as great as it seems. Our state does not actually preclude a conviction merely because the quantity of a controlled substance is too small, which is why the small but indeterminate amount of methamphetamine sufficed to support the conviction in this case. The law may preclude prosecution of a controlled substance in unusable form. But the reason why we uphold Polk's conviction is that he possessed a measurable amount of methamphetamine-whatever its actual quantity-in a form suitable for ingestion.
Certified for Partial Publication.*

Pursuant to California Rules of Court, rules 8.1105(b) and 8.1110, this opinion is certified for publication with the exception of subsections sections D and E in the Discussion.